IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON GREGORY LEAL, § <br> #49970-177, § <br> MOVANT, § <br> § <br> v. § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | <br><br><br><br>CIVIL CASE NO. 3:20-CV-1866-N-BK <br>(CRIMINAL CASE NO. 3:16-CR-15-N-1) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Brandon Gregory Leal's *pro se Motion for Extension of Time* to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 2. As detailed here, Leal's requested extension should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

In 2016, Leal pled guilty to transporting or shipping child pornography and was sentenced to 240 months' imprisonment, to be served concurrently with the sentence imposed in 3:15-CR-358-N. *See United States v. Leal*, No. 3:16-CR-15-N-1, Crim. Doc. 35 (N.D. Tex. Aug. 15, 2016) (entered on docket on Aug. 23, 2016). Although he did not appeal, Leal now requests an extension of 120 days to file a Section 2255 motion "due to the Covid-19 outbreak." Doc. 2 at 1. He alleges that "the United States Penitentiary Tucson has been on lockdown since April 1, 2020 in order to limit inmate interaction" and, as a result, that he has had no "access to the legal library, printer, typewriter, or any other tools needed for research and preparation." *Id.* He also

states that the one-year period for filing is due to expire on December 9, 2020. *Id.* However, Leal does not indicate how he has calculated that deadline, and, in any event, his request for an extension of time is not accompanied by even a skeletal Section 2255 motion.[1]

Federal courts lack jurisdiction to consider the timeliness of a Section 2255 motion until it is actually filed. *See United States v. McFarland,* 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (quoted case omitted) (*per curiam*) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))); *see also United States v. Bautista,* 548 F. App'x 254 (5th Cir. 2013) (per curiam) (affirming denial of a motion for extension of time to file a Section 2255 motion because the district court lacked jurisdiction to entertain the motion). Moreover, neither the Section 2255 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a Section 2255 motion. Furthermore, Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f).[2]

---

[1] Leal's motion for extension references Case Nos. 3:16-CR-15-N and 3:15-CR-358-N.

[2] The Court does not express any opinion as to the timeliness or untimeliness of any future Section 2255 that Leal may file. 28 U.S.C. § 2254(f); *see also Hardaway v. Davis,* 684 F. App'x 444, 448 (5th Cir. 2017) (finding motion for extension of time, standing alone, was insufficient to toll one-year limitations period for filing a federal habeas petition).

For the foregoing reasons, Leal's request for extension of time to file a Section 2255 motion should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on July 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).